Today is 2014-7061, Gill v. McDonald. Mr. Carpenter, you may proceed. Thank you, Your Honor. May it please the Court, Kenneth Carpenter appearing on behalf of Franklin Gill. At issue in this appeal is a note to a VA regulation concerning a diagnostic code for the evaluation of hypertension. That note states, in pertinent part, that hypertension must be confirmed by readings taken two or more times on at least three different days. The question presented by this appeal is whether or not the confirmation or continuing confirmation of hypertension is required in order to determine what the appropriate rating is in the context of an increased rating as opposed to the initial rating aside. The Veterans Court erroneously deferred to the VA's interpretation of this note that such confirmation only applies to confirming the existence of hypertension. No such limitation is intended by the plain language of Note 1. The VA's diagnostic code for rating hypertension has to be interpreted as applying each time the rating is considered. That the confirmation of the existence of hypertension is as important in the first grant of service connection as it is in a later evaluation of the rating. The VA's interpretation is not entitled to deference because the interpretation offered in this matter is not the same interpretation as was offered by the VA when it published this interpretation, excuse me, published this note in its 1997 amendment to the schedule for ratings for the cardiovascular system. In that public notice the VA expressed two specific objectives. First, to ensure that there was an unambiguous criteria. The criteria set out in the note is unambiguous. There must be confirmed readings taken on two or more days, excuse me, on two or more times on at least three different days. That simply didn't happen in this case. Those facts are not in dispute. The Veterans Court erred by accepting the VA's post hoc rationalization that it interpreted the note in the litigation as being applicable only in the first instance. The VA's previous schedule for Note 1 for diagnostic code 7101 stated that careful attention to the blood pressure readings was required, but the previous note applied only to the ratings at 60 and 40. This new note applies to all levels of ratings and all levels of ratings as those ratings are reviewed based upon a request, as in this case, based upon the belief that the severity of the hypertension has increased from the initial rating to a rating at a later date. The VA, in its published statements, indicated that they proposed to revise the note to state the careful and repeated measurements of blood pressure readings are required in order to assign for the assignment, or excuse me, prior to the initial rating and at any later date in which the rating is to be reconsidered. The VA also unambiguously stated that the intent of this note was to assure the existence of hypertension is not conceded on the basis of a sole reading taken on a single and perhaps unrepresented day. And that's precisely what the record was in this case, that there were merely single readings taken on a single day. The VA's interpretation restricts the need for repeated diagnosis to initial repeated readings to initial diagnosis when it's conceded or not conceded. Correct, Your Honor. Under the VA's interpretation, the need for establishing the no longer exists once the initial rating has been made. Such an interpretation is simply unreasonable. A continuing need does exist, as this case clearly demonstrates, in order to ensure that the hypertension is confirmed to exist. And the only way that that hypertension can be confirmed to exist under this note is by repeated readings taken on more than one day. They're not necessarily the same thing, Mr. Carpenter. If the VA is concerned about conceding the existence of hypertension, that seems to point towards an initial concession. Well, yes, Your Honor, except that in order to be able to be entitled to both continuing compensation as well as increased compensation, you have to have evidence that the disability continues to exist. And the fact that it may have been a multiple day, multiple time, has nothing to do with whether or not there is confirmation of the continued existence of that condition when that matter comes back before the VA five or six or eight or ten years later to determine whether or not an increase is warranted, the same way that the VA would be entitled to reduce the basis of some objective criteria. And that objective criteria is what's set out in the note. Only readings that are taken two or more times on each of at least three different days can corroborate the existence as well as the severity of hypertension in order to be accurately measured. The Veterans Court mistakenly relied upon the VA's post hoc litigation position and not upon the VA's published interpretation of its amendment in 1997 to Diagnostic Code 7101. The regulatory history in this case does not express the intent relied upon by the Veterans Court and the VA that only one set of readings is required. Below, the VA argued that multiple blood pressure readings required by Note 1 apply only with regard to the initial confirmation and not to the assignment of the disability rating. That simply makes no sense given that the only criteria that is available for rating is what the readings are. That's all that you use to assign a rating. And those readings are outlined at page 7 of our brief in which you have to have a specific measured reading that is above a certain level in order to be able to be assigned a rating. The litigation position is not entitled to deference. Deference is instead required to the VA's published interpretation. Unless there's any further questions from the audience. The position advanced by Mr. Schill's counsel before you now would read into Note 1 a requirement that VA reconfirm the existence of the chronic disability every time a requirement on VA to reconfirm the existence of a disability. The language in the final agency rule is quite clear that the reason for the inclusion of Sentence 1 in Note 1, the multiple testing requirement, was to ensure that the existence of hypertension was not conceded based on one day. All of his test results that were taken, both the one he submitted at 150 over 96 and the three that were taken by the VA, 130 over 65 and the other two, quite frankly under those numbers he wouldn't qualify under any of the categories for hypertension, right? Correct. And so what is the criteria by which you argue the VA would be permitted to take away the 10% that he currently has? I mean he's now come and said I should get 20 and quite frankly it looks like he doesn't even deserve 10. So if you're saying well we don't have to give him tests over three different days to decide whether he's entitled to 20, does that mean you likewise don't have to give him tests over three different days to decide whether to take away his 10? Yes. The examination he was given was on a board remit. It said we need an examination to determine the current severity and nature of his hypertension. That required the examiner to use the questionnaire which said you haven't taken away his 10. Right, I know what I'm saying. But the examination is the first step to determine what his level of hypertension is. If he has an established diagnosis of hypertension, it only requires the VA to take three blood pressure readings in that one examination. If those blood pressure readings when combined with the other… Maybe I'm missing something. You said if he has an established diagnosis of hypertension, the VA is required to take three different readings in one visit. Correct. What says that? Because I don't see that. I'm sorry. The questionnaire that the VA uses for the examiners has a question that says has hypertension been established. If no, it refers to no one. You must do two tests taken over three separate days. If there is an established diagnosis of hypertension, it says go to the next step which is just to take the three blood pressure readings in one day. And that is careful and repeated testing of blood pressure which is referred to in the final agency rule before the compensable ratings. Is there a circumstance under which the VA says well it's been established but now it no longer exists? It could if your hypertension went away. Well like here, didn't it? Well it didn't. None of the readings that you took qualify for any of the categories. Well they don't just look at those three readings. The rating specialists look at all the blood pressure readings in the record. They also look at his meds. True, they look at his meds. So here they determine that he had predominantly diastolic of 100% but he's on medication so that factors into it. The reg says minimum evaluation for an individual with a history of diastolic pressure predominantly 100 or more who requires continuous medication for control. Oh, you're saying that he would, absent the medication, have 100 or more. It's unclear but he is on continuous medication to control his hypertension. And so the 10% says a predominantly diastolic pressure of 100 who requires continuous medication. Wait, is your interpretation of the second portion that he would have 100 or more absent the medication but takes continuous medication or that he has to have 100 or more while on the medication? Are you talking about the 10% criteria? My interpretation of that is that he needs to have a history of predominantly 100% more and requires continuous medication. No, I'm sorry, there's an or. So it would be simply that he requires continuous medication to control his hypertension. If in fact, even with that medication, his numbers qualified him for higher ratings then he would be eligible for this. But he could get 10% even if he doesn't have 100 or more while on medication as long as there existed some history prior where he did have 100 or more? Well, the minimum evaluation with a history of diastolic pressure predominantly 100 or more who requires. So he would have to have that 100 as a historical diastolic blood pressure and be on continuous medication. And the definition in the note, you could actually have hypertension that would not qualify you for the 10%. You could have slightly lower hypertension. Although the VA believes that the plain language of the regulation is clear, the final agency rule supports the VA's consistent interpretation of Note 1 as only requiring this testing for confirming the existence of hypertension. It's quite clear in the language in the agency rule that the agency stated they had revised the note to require that hypertension be confirmed by review. And they did require readings taken two or more times on each of at least three different days. And so just to be clear about how this would apply to Mr. Gill or other veterans, if there had been three readings that one day and they had each indicated an entitlement to 20%, that's what he would have been awarded under the standard practice? You wouldn't have said he has to come back another day for additional readings? No. No. I mean, if the results, even if they're unrepresentative, and I don't concede that they are, but if they are and they inure to the benefit of the veteran, the VA would not require him to come back. They wouldn't say, oh, you know, we put something on that question that you haven't had a reading. And he could at any point file another application, right? Like if he had some evidence from an independent physician that would substantiate a new claim, he could at any point file a new claim and he could have three more tests done. He could. He could request of the VA even an ongoing claim to have a new examination because he could say I was nervous that day or whatever, you know, for whatever reason. Or he could submit private medical examinations of his blood pressure readings in support of his claim to say that that day was unrepresentative and here I have much higher readings on other days of private medical reports. Is there a rationale why VA follows a different measurement protocol for initial diagnosis versus a revisit to the situation? The purpose of the revision of the cardiovascular system, as stated in the final rule, was to conform their system to current medical literature and tests. Let me ask the question a little more specifically. For an initial diagnosis, you take two measurements on three different days, six overall measurements. And when you come back around, say, because someone wants a higher rating, you're only going to take three measurements and they're all done in a single day. Is there a reason why VA thinks it's okay to, for that circumstance, to just take all the measurements on a single day versus when doing an initial diagnosis? Because the medical literature they're basing their determination on only says to confirm the existence of a chronic disease, hypertension, you need to take repeated testing over a period of time. The medical literature does not say, if you're simply trying to find the current severity, the level of the hypertension, that you need to take a similar testing protocol. The other reason is that... Let me ask you a question. It's just pure speculation on my part. If the VA suspects that in order to obtain a higher rating, the Veteran has gone off their meds, can they call them back in and retest on other days? So somebody comes in and they're spiked. They're well, well over 100. Do they just give them, do three ratings? Is it policy not to question that? I honestly don't know the answer to that question. I think in the rating specialist review, they're not just going to look at the current ratings, they're going to look at all the readings. And I think in that circumstance, if there was a really out-of-character spike, the rating specialist might say, hey, this seems out of character. Either we need further examinations or these need to be discounted because they're so far outside. And perhaps it would be set back to determine whether or not coming off the medication... Would it help you to focus on the language which says diastolic pressure predominantly 130 or more? Sure. Yeah, and that's why they look at the history of it. I don't think they would completely discount the possibility that, in fact, their hypertension simply has spiked and has gotten much worse, and that would be consistent with the reason the veteran is coming back. But I think that that possibility certainly exists, that they would question it and require additional evidence and other examination. But I was trying to, as you know, the three ratings doesn't automatically get you that increase. No, and I think it's important. This is not a note that cabins the use of blood pressure readings in the evaluation. It's all read in context. The fact is, for Mr. Gill, he had dozens of blood pressure readings in the record. All of them were reviewed in determining his level of compensation. Mr. Kordes, any further questions? Thank you. I'd like to focus on two things. First, the rationale. The government suggests that there is a rationale, and that rationale is the rationale that is expressed in its public statement in 1997, which is to do these to confirm the existence. The VA interprets confirming the existence as only to apply at the initial determination. I would secondly then like to direct your attention to how these conditions are rated. They are rated by blood pressure readings, and those readings have to be met in order to be able to get an increase. If you don't follow the same procedure for the initial determination that you follow later, then you are unable to get a rating that will allow for an increase. Because by the very nature of what they explained in their 1997 publication was that the medical literature says in order to get accurate readings, you have to test multiple occasions on three or more days. Are you saying, Mr. Carpenter, that it is VA policy that once hypertension has been established, if a vet comes in and has higher readings three times over the course of one day, that they will not increase? No, I'm not saying that at all. I'm saying that the veteran who comes in and gets, as Mr. Gill did, three readings on a single day is not consistent with the note, and that it is also not consistent with the VA's published notice as to why they wrote the note that way, not just for the 60 and 40, which is what the note was for prior, but for all readings. Clearly there was an expansion from the two highest readings to all of the readings because there was a recognition in the literature that you needed to be able to take multiple readings on multiple days, and that that was the only way to get an accurate assessment of the readings. And the VA has sort of fudged and said, well, we by our methodology do three on one day. Are you saying that the medical literature does not differentiate between establishment of the existence of the hypertension and separately increases in the continuation of the hypertension? Yes, I am. That's the way that I understand the interpretation of that medical literature from the VA's explanation in 1997 for why they changed the note. Is there any medical literature in the record that says what you're saying? Oh, no, Your Honor. No, no, I'm sorry. Excuse me. No, no, there's not. I have trouble enough with the law. Getting into medicine would be a severe problem. I've always said that lawyers are people who couldn't do the math to get into medicine. Thank you very much, Your Honor, unless there's further questions. I thank both counsel. The case is taken under submission. Thank you, and have a good evening. All right. The court is adjourned until tomorrow morning at 10.